{¶ 91} Although I concur on the majority's resolution of appellant's first and third assignments of error, I disagree with its conclusion regarding appellant's second assignment of error. Accordingly, I dissent.
 {¶ 92} The imposition of consecutive sentences is appropriate where a trial court finds three statutory factors: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public; and (3) the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a)-(c). Here, the trial court made proper findings under the first two factors. However, in my view, the trial court's finding under R.C. 2929.14(E)(4)(b) was based upon facts not in the record and thus the court erred when it imposed consecutive sentences.
 {¶ 93} R.C. 2929.14(E)(4)(b) permits the imposition of consecutive sentences if the court finds:
 {¶ 94} "At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."
 {¶ 95} A "finding" requires "a recitation of the operative facts on which the finding is based." State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, at syllabus. See, also, State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4265.
 {¶ 96} In the current matter, the trial court supported its R.C.2929.14(E)(4)(b) finding by noting:
 {¶ 97} "3. the risk that the victims in this case will suffer psychological harm in the future;
 {¶ 98} "4. the psychological harm suffered by the parents of the victims."
 {¶ 99} In the majority's view, the lower court "properly found that the victims were likely to suffer serious psychological harm when they are of an age to understand what happened to them." The majority further stated "there was evidence of the serious psychological harm caused to the parents of the victims." Thus, the majority concluded, the trial court satisfied the requirements of R.C. 2929.14(E)(4).
 {¶ 100} R.C. 2929.14(E)(4)(b) permits the imposition of consecutive sentences if the court finds that the harm caused by the offenses was so great or unusual that no single prison term will adequately reflect the seriousness of the offenders conduct. The statutory finding suggests that some harm has occurred as a result of the criminal act(s) in question, i.e., "the harm caused * * * was so great or unusual." (Emphasis added). However, the trial court's finding is premised upon hypothetical harm that may issue from the act given certain catalytic events. The language of the statute appears to require extant, not latent harm. In my view, the majority has endorsed a statutory reading which permits a finding of harm in any situation, regardless of the paucity of evidence: As any victim of a criminal act may possibly suffer some future harm resulting from his/her victimization, the commission of a crime, under the majority's reasoning, can be conclusive evidence of harm.
 {¶ 101} However, assuming the trial court properly considered possible future harm, its analysis is still problematic as there are no operative facts within the record supporting its finding. In arriving at its conclusion, the trial court makes a twofold assumption: (1) the crimes will be revealed to the victims; and (2) the disclosure of the crimes will cause the victims "great or unusual"[4] harm. As there are no operative facts in the record indicating these events will occur, the trial court's finding regarding hypothetical harm is unsupported and unduly speculative.[5]
 {¶ 102} Next, the trial court determined that the "psychological harm suffered by the parents of the victims" justified the imposition of consecutive sentences. Again, I disagree.
 {¶ 103} The parents of only one victim submitted a victim impact statement. Through this statement the court could find that the parents of this victim suffered psychological harm. However, the court justifies its R.C. 2929.14(E)(4)(b) finding with the conclusion that the parents of the victims suffered psychological harm. As harm was specified through the victim impact statement of only one set of parents, I would hold the trial court's finding is unsupported by any evidence within the record.
 {¶ 104} More important, R.C. 2929.14(E)(4)(b) requires the court to find the "harm caused by two or more of the multiple offenses * * * was so great or unusual that no single prison term" reflects the seriousness of the conduct at issue. (Emphasis added.) Appellant pleaded guilty to two offenses against the same victim whose parents submitted their statement alleging harm. The harm caused by these two offenses must not have been sufficiently great or unusual to merit consecutive sentences because these sentences were ordered to run concurrently.
 {¶ 105} The prosecutor withdrew all other counts in the indictment by nolle prosequi except one, to which appellant entered an Alford plea. Appellant's plea denied culpability and the state presented no evidence of harm to the victim or parents and no victim impact statement was submitted.
 {¶ 106} The record fails to support a finding that "the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct." (Emphasis added.) R.C. 2929.14(E)(4)(b).
 {¶ 107} Fundamentally, the trial court determined the parents of the victims suffered psychological harm, i.e., there was harm of some kind. However, a court making a statutory finding must justify the finding using operative facts to support the finding. Edmonson, supra; Comer, supra. Here, the court assumes what still needs to be established, viz., operative facts regarding the quality of harm which makes the offense(s) so great or unusual. Without this definition, the lower court essentially "justifies" its R.C. 2929.14(E)(4)(b) conclusion with a separate conclusion which still requires justification. In this respect, the trial court's finding is both redundant and circular.
 {¶ 108} Where no operative facts exist in the record to support a statutory finding, a court cannot legitimately rely upon that finding in pronouncing sentence. Here, there are no operative facts in the record suggesting the victims were harmed; moreover, the court received no evidence regarding the nature and/or quality of any future, possible harm to the victims. Although the record contains operative facts from one victim impact statement demonstrating harm to one victim's parents, there are no such facts in the record showing harm to the other victim's parents. Finally, even if the record contained sufficient operative facts to support a finding of harm, the trial court failed to explicate how such harm was so great or unusual to merit consecutive sentences.
 {¶ 109} For the foregoing reasons, I would vacate the trial court's sentence and remand this matter for further proceedings.
[4] As will be discussed infra, even if we assume this future harm will occur, the trial court failed to support its R.C. 2929.14(E)(4)(b) finding with facts demonstrating how the harm was so "great or unusual" that consecutive sentences were necessary.
[5] To have operative facts of this sort, the court would likely need expert testimony on the alleged possible harm that the victims might suffer (in the future) were disclosure to occur.